**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

SCORPIO DRILLING INTERNATIONAL PTE,          CIVIL ACTION
LTD.

VERSUS                                        NO: 20-231

HLV MIGHTY SERVANT 3, her engines, boilers,   SECTION: T(5)
tackle, etc., *in rem*, BOSKALIS OFFSHORE HEAVY
MARINE TRANSPORT BV, MIGHTY SERVANT 3
BV, ZITO FLEETING, INC., and AQUALIS
OFFSHORE (n/k/a AQUALISBRAEMAR ASA), *in
personam*,

## ORDER

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction[1] filed by

Aqualis Offshore, Inc. ("Aqualis"). Scorpio Drilling International PTE, LTD. ("Plaintiff") has

filed an opposition,[2] and Defendant subsequently filed a reply.[3] For the following reasons, the

Motion to Dismiss is **GRANTED**.

## BACKGROUND

This matter arises out of a maritime accident in which Plaintiff's drilling barge sustained

damages while being loaded onto a transport ship. In January 2019, Plaintiff contacted Aqualis for

a marine warranty survey proposal related to the transport of Plaintiff's barge from Louisiana to

Nigeria.[4] During loading operations, Plaintiff's barge struck the superstructure of the transport

ship several times, causing damage in the alleged amount of $334,726.61, plus port charges, survey

fees, and expenses, which Plaintiff alleges were due to Aqualis's negligence in planning.

---

[1] R. Doc. 9.
[2] R. Doc. 11.
[3] R. Doc. 18.
[4] *See* Marine Warranty Surveyor Role, https://aqualisbraemar.com/services/marine-warranty-services/. Aqualis was hired to ensure the risks associated with transport were minimized and essentially plan the execution of loading in accordance with best industry practice. To date, Zito Fleeting, Inc., is the only other named Defendant to have made an appearance in this matter. *See* R. Doc. 19.

Aqualis brings this motion contending that Plaintiff lacks subject matter jurisdiction based upon a valid, irrevocable, and enforceable mandatory arbitration clause. Aqualis asserts that the instruments creating "the Agreement" between the parties—the Proposal, Engagement Letter, and Certificate of Approval—expressly incorporate Aqualis's Terms and Conditions containing the arbitration clause, and Plaintiff's agents and officers assented to these terms on multiple occasions without objection. Aqualis specifically highlights the communications and assents made by Mr. Chinedum M. Nwangwu, a representative of Scorpio, and Mr. Tari Ekpebu, Chief Operating Officer of Scorpio.

Plaintiff argues the motion should be denied because there are significant factual issues and questions concerning the validity of the purported agreement to arbitrate between the parties, namely, whether Plaintiff "expressly agreed" to the arbitration clause. Alternatively, Plaintiff asks that the motion be held in abeyance pending discovery on the existence of such an agreement.

## LAW AND ANALYSIS

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction.[5] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[6] "Lack of subject matter jurisdiction may be found on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of the disputed facts.[7] The burden of proof for a Rule 12(b)(1) motion to dismiss is on

---

[5] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs),* 668 F.3d 281, 286 (5th Cir. 2012).
[6] Fed. R. Civ. P. 12(b)(1).
[7] *St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009).

the party asserting jurisdiction.[8] Courts should determine whether subject matter jurisdiction is present before addressing other issues.[9]

The Fifth Circuit has held that a district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Rule 12(b)(1)[10] when the parties' dispute is subject to binding arbitration.[11] Because this is a maritime transaction, the Court finds the Agreement is subject to the Federal Arbitration Act. Thus, the question here is whether Plaintiff agreed and consented to a written mandatory arbitration clause by entering into the Agreement with Aqualis.

The Court finds the parties agreed to the arbitration clause because Plaintiff's representatives executed the Agreement. Reviewing the available evidence, the Court finds Plaintiff manifested its assent through each step of the contracting process without objection, beginning with the undertakings of Mr. Nwangwu. Upon his request, Aqualis provided the Proposal and the Terms and Conditions via email in December 2018.[12] He thereafter arranged payment and served as Plaintiff's representative contact for the Engagement Letter, which again referenced the Terms and Conditions.[13] The Court agrees that Mr. Nwangwu's actions—along with the apparent knowledge of the Chief Operating Officer—demonstrate he was an implied if not authorized agent of Scorpio.[14] Regardless, Mr. Ekpebu himself eventually signed the Certificate of Approval, which also referenced the Terms and Conditions.[15]

---

[8] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[9] *Ramming*, 281 F.3d at 161 (*citing Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

[10] There has been discussion as to whether Rule 12(b)(1) or 12(b)(3) is the proper rule for motions to dismiss based on arbitration clauses. *See Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 (5th Cir.2010).

[11] *Gilbert v. Donahue*, 751 F.3d 303, 307 (5th Cir. 2014). *See Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781, 787 (5th Cir. 2012); *see also Omni Pinnacle, LLC v. ECC Operating Servs., Inc.*, 255 Fed.Appx. 24, 26 (5th Cir. 2007) (affirming the district court's order dismissing case pursuant to Rule 12(b)(1) on the ground that agreement between parties required arbitration of dispute).

[12] R. Doc. 9-4.

[13] R. Doc. 9-7.

[14] Aqualis points to a February 2019 email in which Mr. Ekpebu copied Mr. Nwangwu in thanking Aqualis for a report. *See* R. Doc. 9-9.

[15] R. Doc. 8-2

Further, the Court agrees that because this Motion presents a factual attack, Plaintiff has the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction through "some evidentiary method," and thus cannot rely on the complaint's allegations.[16] In addition to substantial case law citations, Aqualis submits extensive evidence supporting its argument that the parties mutually agreed to the proposed Terms and Conditions on multiple occasions. Plaintiff has not presented any disputing evidence to satisfy its evidentiary burden to refute the factual assertions and documentation offered by Aqualis. Accordingly, because the assorted documents comprising the Agreement incorporated the Terms and Conditions by reference and the parties validly executed the Agreement, the Court finds the arbitration clause binding. Therefore, the Court lacks jurisdiction, and Plaintiff's claim is dismissed.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED.**

**New Orleans, Louisiana**, on this 25th day of March, 2021.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[16] R. Doc. 18 at 2 (*citing Cell Science Systems Corp. v. Louisiana Health Science*, 804 Fed. Appx. 260, 263 (5th Cir. 3/17/20) (*See also Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981)).